Ross Cornell, Esq.   (SBN 210413)
LAW OFFICES OF ROSS CORNELL, APC
Email:  *ross.law@me.com*
111 W. Ocean Blvd., Suite 400
Long Beach, CA  90802
Phone:  (562) 612-1708
Fax: (562) 394-9556

Attorney of Record for Plaintiff,
Matthew Verdiglione

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Matthew Verdiglione,<br><br>          Plaintiff,<br><br>     v.<br><br>Queen Street LLC; Jay Shah dba Allstate Insurance; Top Team Realty, Inc. and Does 1-10, inclusive,<br><br>          Defendants. | Case No. 8:16-cv-1192<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |

Plaintiff, Matthew Verdiglione, hereby complains and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action seeking to remedy unlawful discrimination by the Defendants against the Plaintiff in the Defendants' place of public accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. §

12101, *et seq.* (the "ADA") and the Unruh Civil Rights Act, <u>Civil Code</u> § 51, *et seq.* (the "Unruh Act").

    2.    This lawsuit is necessary because written pre-filing notices and opportunities to cure were sent to the Defendants via certified U.S. mail, because the Defendants did not comply with the pre-filing notices, and because the Defendants continue to maintain barriers in knowing violation of the ADA and the Unruh Act as described herein.

<u>**PARTIES**</u>

    3.    Plaintiff, Matthew Verdiglione, is a paraplegic resident of the state of California who requires the use of a wheelchair for mobility purposes, and is therefore a "disabled" person within the meaning of the ADA and California *Government Code* § 12926.

    4.    The business establishments at issue in this complaint discriminated against Plaintiff and prevented Plaintiff from enjoying fair and equal access thereto due to the existence of unlawful architectural barriers that violate the ADA as described in more detail herein.

    5.    Defendant, Queen Street LLC, owns, operates, or leases real property located at 4747 W El Segundo Blvd, Hawthorne, CA 90250, also known as Los Angeles County Assessor's Parcel No. 4041-018-048 (the "Subject Property").

    6.    Defendant, Jay Shah dba Allstate Insurance, owns, operates, or leases real property located at the Subject Property.

    7.    Defendant, Top Team Realty, Inc., owns, operates or leases real property located at the Subject Property.

    8.  The Subject Property is a facility open to the general public, a

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

public accommodation, and a business establishment insofar as it provides goods and/or services to the general public.

9. Defendant Does 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to the Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter of this action pursuant 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4) for violations of the ADA.

11. This Court has supplemental jurisdiction over the state law claims alleged herein under the Unruh Act because the state law claim is an attendant and related cause of action that arises from the same nucleus of operative facts and arising out of the same transaction or occurrence as the federal law claims set forth herein.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) based on the fact that the real property that is the subject of this action is located in this district and the Plaintiff's causes of action arose in this district.

**STATEMENT OF FACTS**

13. Parking spaces, accessible aisles, paths of travel, signage, doorways, service counters, seating areas and restrooms are among the facilities, privileges and advantages offered by the Defendants to patrons of the Subject Property.

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

14.    The Subject Property is not accessible to Plaintiff or similarly situated persons with mobility disabilities.

15.    On information and belief, in December, 2015, June, 2016, and currently, the Subject Property was not in compliance with the ADA:

A.    The Subject Property lacks the minimum required number of ADA compliant accessible and van accessible parking spaces, in violation of the ADA;

B.    There was no diagonal striped marking and no blue border around where an access aisle is supposed to exist adjacent to the designated accessible parking space serving the Subject Property in violation of the ADA;

C.    The "accessible" parking spaces at the Subject Property do not provide accessible parking signage as required by the ADA.  There was no tow-away signage posted near the designated van accessible parking space serving the Subject Property, and no "Minimum Fine $250" signage posted at the designated van accessible parking space serving the Subject Property in violation of the ADA;

D.    The "accessible" parking spaces at the Subject Property do not provide the universal symbol of accessibility as required by the ADA;

E.    There was no "NO PARKING" lettering on any designated accessible parking space serving the Subject Property in violation of the ADA;

F.    There was no designated van accessible parking space with a corresponding 96" access aisle opposite the driver's side when the vehicle is going forward into the parking space and no sign or additional language stating

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

"Van Accessible" below the symbol of accessibility located in a manner that is not obstructed in violation of the ADA;

G.     There were no accessible paths of travel from public transportations stops, accessible parking, public streets and sidewalks to the building entrances serving the Subject Property, in violation of the ADA;

16.     The Plaintiff personally encountered architectural barriers that constitute ADA violations at the Subject Property in December, 2015 and June, 2016 and was denied full and equal access because of the violations.

17.     The existence of access barriers and ADA violations at the Subject Property caused the Plaintiff difficulty, discomfort and/or embarrassment on a particular occasion in December, 2015 and June, 2016.

18.     Plaintiff would like to return and patronize the Subject Property and the business establishments thereat and intends to do so but will be deterred from doing so until the violations are cured.

19.     On information and belief, the violations identified above and those discovered in Plaintiff's expert inspection are readily achievable.  The Department of Justice describes these kinds of barriers as presumptively readily achievable to remove and Plaintiff contends that the removal of them is easily accomplishable without much difficulty or expense.  Likewise, even if strictly compliant barrier removal were not achievable, there are many kinds of alternative accommodations that could be made to provide a greater degree of accessibility to the Plaintiff and similarly situated persons with mobility disabilities.

20.     On information and belief, Plaintiff alleges that the failure to remove barriers has been knowing, willful and intentional because:

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

A.    The barriers described herein are clearly visible and tend to be obvious even to a casual observer;

B.    Plaintiff provided written notice and an opportunity to cure and the Defendants responded by ignoring the violations and refusing to promptly remove barriers or create alternative accommodations;

C.    The Defendants operate the Subject Property and have control over conditions thereat.  They have, and have had, the means and ability to make the necessary remediation of access barriers if they had ever so intended.

21.    Access barriers at the Subject Property are being consciously ignored by the Defendants; the Defendants have knowingly disregarded the ongoing duty to remove them.  Plaintiff alleges on information and belief that there are other ADA violations and unlawful architectural barriers at the Subject Property that relate to his mobility disability.

22.    Plaintiff hereby seeks to remediate and remove all barriers related to his disability, whether presently known or unknown.  As the court held in *Doran v. 7-11. Inc.*, 506 F.3d 1191 (9th Cir. 2008):

> "[W]here a disabled person has Article III standing to bring a claim for injunctive relief under the ADA because of at least one alleged statutory violation of which he or she has knowledge and which deters access to, or full use and enjoyment of, a place of public accommodation, he or she may conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim.  This list of barriers would then in total constitute the factual underpinnings of a single legal injury, namely, the failure to remove architectural barriers in violation of the ADA, which failure actually harmed the disabled person by deterring that disabled person from visiting a facility that otherwise would have been visited at a definite future time, yielding Article III standing."

23.    The violations and references to code sections herein are not

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

all-inclusive.  Plaintiff will amend this complaint to provide a complete description of the full scope of ADA violations after conducting a comprehensive expert site inspection.  For the purposes of this Complaint, Plaintiff asserts that the barriers alleged herein violate one or more of the ADA's implementing regulations.

**FIRST CAUSE OF ACTION**
Discrimination Based on Disability
[42 U.S.C. § 12101, *et seq*]
By Plaintiff against all Defendants

24.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein the allegations contained in all prior paragraphs of this complaint.

25.     The ADA obligates owners, operators, lessees and lessors of public accommodations to ensure that the privileges, advantages, accommodations, facilities, goods and services are offered fully and equally to persons with disabilities, including the Plaintiff and others similarly situated [42 U.S.C. § 12182(a)].

26.     Discrimination is defined in the ADA, *inter alia*, as follows:

A.     A failure to remove architectural barriers where such removal is readily achievable [42 U.S.C. § 12182(b)(2)(A)(iv)].  Barriers are identified and described in the Americans with Disabilities Act Accessibility Guidelines (the "ADAAG") [28 C.F.R. Part 36, Appendix "D"];

B.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of  travel

–7–

to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities [42 U.S.C. § 12183(a)(2)];

C.     Where an entity can demonstrate that the removal of a barrier is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable [42 U.S.C. § 12182(b)(2)(A)(v)].

27.     The ADA, the ADAAG's 1991 Standards (the "1991 Standards") and 2010 Standards (the "2010 Standards"), and the California Building Code (the "CBC") contain minimum standards that constitute legal requirements regarding wheelchair accessibility at places of public accommodation:

A.     If parking spaces are provided for self-parking by employees or visitors, or both, then the subject property must provide at least the minimum required number of accessible parking spaces.  Accessible parking spaces must be marked to define their width and must have an adjacent ADA compliant access aisle.  Accessible parking spaces must be at least 96 inches wide and van parking spaces must be at least 132 inches wide except that van parking spaces can be 96 inches wide where the access aisle is not less than 96 inches wide [1991 Standards § 4.1.2(5); 2010 Standards § 208 and 502.2].  Here, the Subject Property does not comply with the ADA;

B.     To qualify as a reserved handicap parking space, the space must be properly marked and designated.  Under the ADA, the method, color of marking and length of the parking space are to be addressed by state or

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

local laws of regulations [1991 Standards § 4.6; 2010 Standards §§ 502, 502.3.3 and 503];

C.     Each parking space reserved for persons with disabilities shall be identified by a reflectorized sign permanently posted immediately adjacent to and visible from each stall or space, consisting of the International Symbol of Accessibility in white on a dark blue background. The sign shall not be smaller than 70 square inches (4516 mm$^2$) in area and, when in a path of travel, shall be posted at a minimum height of 80 inches (2032 mm) from the bottom of the sign to the parking space finished grade. Signs may also be centered on the wall at the interior end of the parking space.  An additional sign or additional language below the symbol of accessibility shall state "Minimum Fine $250" [2010 Standards § 502.6; CBC § 1129B.4];

D.     Signs identifying accessible parking spaces must include the International Symbol of Accessibility [2010 Standards §§ 502.6];

E.     To properly and effectively reserve a parking space for persons with disabilities, the surface of the access aisle must have a blue border; the words "NO PARKING" in letters at least a foot high must be painted on the access aisle [CBC § 1129B.3];

F.     One in every eight accessible spaces, but not less than one, must be served by a loading and unloading access aisle 96 inches (2438 mm) wide minimum placed on the side opposite the driver's side when the vehicle is going forward into the parking space and shall be designated van accessible.  Van accessible spaces must have an additional sign or additional language stating "Van Accessible" below the symbol of accessibility. Signs identifying accessible parking spaces must be located so they cannot be obscured by a vehicle parked in

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

the space [1991 Standards § 4.6; 2010 Standards §§ 502; CBC §§ 1129B.3 and B4];

G.     At least one accessible route must be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve.  The accessible route must, to the maximum extent feasible, coincide with the route for the general public, must connect accessible buildings, facilities, elements, and spaces that are on the same site, and at least one accessible route must connect accessible building or facility entrances with all accessible spaces and elements and with all accessible dwelling units within the building or facility [1991 Standards §§ 4.1.2(1)  and 4.3.2; 2010 Standards §§ 206 and 401];

28.     The Defendants have failed to comply with minimum ADA standards and have discriminated against the Plaintiff on the basis of his mobility disability.  Each of the barriers and accessibility violations set forth above is readily achievable to remove, is the result of an alteration that was completed without meeting minimum ADA standards, or could be easily remediated by implementation of one or more available alternative accommodations.  Accordingly, the Defendants have violated the ADA.

29.     The Defendants are obligated to maintain in operable working condition those features of the Subject Property's facilities and equipment that are required to be readily accessible to and usable by Plaintiff and similarly situated persons with disabilities [28 C.F.R. § 36.211(a)].  The Defendants failure to ensure that accessible facilities at the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Subject Property were available and ready to be used by the Plaintiff violates the ADA.

30.    The Defendants have a duty to remove architectural barriers where readily achievable, to make alterations that are consistent with minimum ADA standards and to provide alternative accommodations where necessary to provide wheelchair access.  The Defendants benign neglect of these duties, together with their general apathy and indifference, violations the ADA.

31.    The Defendants wrongful conduct is continuing in that Defendants continue to deny full, fair and equal access to their business establishment and full, fair and equal accommodations, advantages, facilities, privileges and services to Plaintiff as a disabled person due to Plaintiff's disability.  The foregoing conduct constitutes unlawful discrimination against the Plaintiff and other mobility disabled persons who, like the Plaintiff, will benefit from an order that the Defendants remove barriers and improve access by complying with minimum ADA standards.

**SECOND CAUSE OF ACTION**
Violations of the Unruh Rights Act
[Cal. *Civil Code* § 51, *et seq.*]
By Plaintiff against all Defendants

32.    Plaintiff re-alleges and incorporates by reference as though fully set forth herein the allegations contained in all prior paragraphs of this complaint.

33.    The foregoing violations of the ADA constitute *per se*

-11-

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

violations of the Unruh Act [Cal. *Civil Code* § 51(f)].

34.    Plaintiff is entitled to statutory damages because he was denied full and equal access to the Subject Property, because he personally encountered access barriers at the Subject Property that discriminated against him on the basis of his mobility disability, because he was deterred from accessing the Subject Property, and because the violations caused him difficulty, discomfort or embarrassment [Cal. *Civil Code* §§ 52 and 55.56].

35.    Plaintiff was denied full and equal access to the Subject Property because he personally encountered ADA violations and was deterred from accessing the Subject Property on a particular occasion due to his actual knowledge of ADA violations that prevented or reasonably dissuaded him from accessing the Subject Property, which he intended to use on a particular occasion and because the violations would have actually denied Plaintiff full and equal access if he had accessed the Subject Property on that particular occasion.

36.    Due to the unlawful discrimination set forth above, Plaintiff has been denied the right and entitlement to full and equal accommodations, advantages, facilities, privileges or services at the Subject Property in violation of the Unruh Act.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays this Court award damages and provide relief as follows:

1.    For injunctive relief compelling the Defendants to comply with the ADA and the Unruh Act.  **Note**:  Plaintiff is not invoking Cal.

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

*Civil Code* § 55 and is not seeking relief under the Disabled Persons Act at all;

   2.   For damages under the Unruh Act, which provides for actual damages and a statutory minimum of $4,000 per incident of discrimination; and

   3.   For reasonable attorney's fees, litigation expenses and costs of suit pursuant to 42 U.S.C. § 12205 and Cal. *Civil Code* § 52.

Dated: June 27, 2016       LAW OFFICES OF ROSS CORNELL, APC


By:   /s/ Ross Cornell
       Ross Cornell, Esq.,
       Attorneys for Plaintiff,
       MATTHEW VERDIGLIONE

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**